IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MISTY FARMER, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 3:21-cv-3027-TLB

**BOONE COUNTY INDEPENDENT LIVING, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Misty Farmer ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Christopher Turansky and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Boone County Independent Living, Inc. ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policing and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant employed Plaintiff within Boone County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Pope County.

7. Defendant is a domestic, nonprofit corporation.

8. Defendant's registered agent for service is Korin Westcott, at 206 South Cherry Street, Harrison, Arkansas 72601.

9. Defendant, in the course of its business, maintains a website at https://www.i-living.org/.

## IV.   FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant provides healthcare and support services to individuals with developmental disabilities.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Plaintiff as an hourly-paid employee from October of 2017 to April of 2021.

17. Plaintiff was employed as a Paraprofessional / Direct Support Staff (hereinafter, "Support Staff"), and was primarily responsible for helping Defendant's clients cook, clean, bathe, run errands as well as general help with everyday tasks.

18. Defendant also employed other hourly-paid employees as Support Staff within the three years preceding the filing of this lawsuit.

19. Other Support Staff had the same or substantially similar job duties as Plaintiff.

20. At all relevant times herein, Defendant directly hired hourly-paid Support Staff to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Plaintiff and other Support Staff recorded their hours worked via paper timesheet, until recently when Defendant switched to an online time keeping system by which Plaintiff and other Support Staff clocked in on tablets.

22. Until December of 2020, Plaintiff arrived at the patient's house around 10 pm on Friday evening and stayed until Monday morning around 7:30 am.

23. Other Support Staff had the same or similar schedule as Plaintiff.

24. In December of 2020, Defendant changed its policies and required Plaintiff and other Support Staff to leave the patient's home at 10 pm and return at 7:30 am.

25. Until Defendant changed its policies in December of 2020, Plaintiff and other Support Staff were regularly required to work hours which went unrecorded and uncompensated.

26. Although Plaintiff was required to remain with the patient during her entire shift, Defendant did not pay Plaintiff for hours it considered to be "down time," which was from 10 pm on Friday until 5 am on Saturday, and again from 10 pm on Saturday until 5 am on Sunday.

27. Other Support Staff were also not paid for "down time" hours.

28. Plaintiff and other Support Staff were required to perform "safety checks" on their patient at least twice per night.

29. In addition to the safety checks, Plaintiff had to be awake whenever her patient was awake in order to keep him from harming himself. Plaintiff's patient generally woke up multiple times each night.

30. Upon information and belief, other Support Staff also had to wake up multiple times per night to assist patients.

31. Plaintiff did not get 5 hours of uninterrupted sleep per night while working her shift.

32. Other Support Staff also did not get 5 hours of uninterrupted sleep per night while working their weekend shift.

33. Pursuant to 29 C.F.R. § 553.222, "[I]f [an employee's] sleep period is interrupted to such an extent that the employee cannot get a reasonable night's sleep (which, for enforcement purposes means at least 5 hours), the entire time must be counted as hours of work."

34. Therefore, Defendant should have paid Plaintiff and other Support Staff for the entire weekend shift, including nights.

35. Defendant told Plaintiff and other Support Staff that if they left their patients alone for any amount of time—even during "down time" while Support Staff were not being paid—then Defendant would prosecute them for abandonment.

36. Because Plaintiff and other Support Staff worked hours which went uncompensated, Defendant failed to pay Plaintiff and other Support Staff a lawful minimum wage and a lawful overtime premium for all hours worked over forty each week.

37. After Defendant's policies changed, Plaintiff was required to look after two patients one weekend and was required to spend the night for two nights. Because Defendant automatically deducted the time between 10 pm and 7:30 am two nights, Plaintiff worked approximately 19 hours off the clock that weekend which went uncompensated.

38. Defendant knew or should have known that Plaintiffs and other Support Staff were working hours off the clock for which they were not compensated.

39. Plaintiff and other Support Staff were required to drive their personal vehicles in the course of their employment.

40. Defendant reimbursed Plaintiff and other Support Staff for mileage at a rate of $0.42 per mile up to 250 miles per month. If Plaintiff or other Support Staff drove more than 250 miles in the course of their duties, they were not reimbursed for those miles.

41. The IRS rates for mileage for the relevant time period are as follows:

   2018: 54.5 cents/mile
   2019: 58 cents/mile
   2020: 57.5 cents/mile
   2021: 56 cents/mile

42. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

43. Because Defendant failed to reimburse Plaintiff and other Support Staff at a sufficient rate, and did not reimburse them at all for miles driven over 250 per month, Plaintiff and other Support Staff consistently "kicked-back" the cost of mileage to Defendant, which led to additional minimum wage and overtime violations.

44. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Support Staff of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over forty per week.

45. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid Support Staff, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.  Minimum wage for all hours worked;

   B.  Regular wages and overtime premiums for all hours worked over forty hours in any week;

   C.  Liquidated damages; and

   D.  Attorney's fees and costs.

48. Plaintiff proposes the following collective under the FLSA:

**All hourly paid Paraprofessionals or Direct Support Staff who received payment within the past three years for work performed in any week for at least 27 hours and were not paid for nighttime hours.**

49. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A.  They were paid hourly;

B.  They had substantially similar job duties and responsibilities;

C.  They were subject to Defendant's common policy of deducting sleep time or "down time" without regard to time spent performing safety checks and other duties; and

D.  They were not reimbursed for mileage costs.

52. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 40 persons.

53. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

54. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

55. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

60. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

61. Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of forty hours per week.

62. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

63. Defendant knew or should have known that its actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

68.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72.     Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

73.     Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

74.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

75.     Defendant deprived Plaintiff and similarly situated employees of a lawful minimum wage for all hours worked.

76.     Defendant knew or should have known that its actions violated the FLSA.

77.     Defendant's conduct and practices, as described above, were willful.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

79. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

81. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

82. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

83. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked

over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

86. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

87. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

88. Defendant knew or should have known that its practices violated the AMWA.

89. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

90. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Misty Farmer, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

Case 3:21-cv-03027-CDC    Document 2    Filed 04/21/21    Page 13 of 13 PageID #: 14

C.  Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MISTY FARMER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Christopher Turansky*
Christopher Turansky
Ark. Bar No. 2020140
christopher@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com