IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MISTY FARMER, Individually and On
Behalf of All Others Similarly Situated

PLAINTIFFS

v.                                        CIVIL NO. 21-3027-CDC


BOONE COUNTY INDEPENDENT LIVING, INC.                          DEFENDANT


## ORDER OF APPROVAL AND DISMISSAL

On May 17, 2022, the parties fully executed a Settlement Agreement and Release after consenting to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) (ECF No. 46) and after reassignment to the undersigned on April 21, 2022.  Now before the Court for consideration is a Joint Motion to Dismiss and Approval of Settlement (ECF No. 50).  The parties have provided the Settlement Agreement and Release for the Court's *in camera* review in connection with consideration of the Joint Motion.

Plaintiff Misty Farmer, on behalf of herself and others similarly situated as Direct Care Aides and/or support staff providing direct care for patients in their homes, alleges their employer, Boone County Independent Living, Inc., failed to pay them proper wages for all hours worked, including compensable "down time" (sleep time described as hours between 10pm and 5am spent in the Defendant's patients' home), as well as mileage reimbursements owed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*.  The action was conditionally certified by U.S. District Judge Timothy L. Brooks as a collective action (ECF No. 23), and approximately 73 individuals

joined Plaintiff in the action. (ECF Nos. 24-30, 32, 34, 36- 45).  Defendant denied that any Plaintiff

was unpaid earned wages or denied a mileage reimbursement. (ECF No. 7).

Before approving an FLSA settlement agreement, a court must determine that "the

litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all

parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015)

(cleaned up).  "A settlement is bona fide if it reflects a reasonable compromise over issues actually

in dispute, since employees may not waive their entitlement to minimum wage and overtime pay

under [the] FLSA."  *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12,

2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)).  If the Court finds there is a

bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair

and reasonable to all parties.  Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of
> counsel, the probability of plaintiff's success on the merits, any 'overreaching' by
> the employer in the settlement negotiations, and whether the settlement was the
> product of arm's length negotiations between represented parties based on the
> merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

The Court is persuaded that bona fide disputes existed in this case. The parties

fundamentally disagreed on the central issue of Plaintiffs' entitlement to wages related to down

time or sleep time during evening hours spent at patients' homes, and as to Defendant's alleged

policies and/or cap on mileage reimbursements. The parties mediated the case with W. Jackson

Wisdom, a Texas lawyer who is Board Certified in Labor and Employment law in the State of

Texas who aided them in resolving these disputes. The Court is also satisfied that the Plaintiffs'

individual settlements are fair and reasonable, as is the method for paying Plaintiffs their individual

sums.  All parties were represented by counsel, and counsel achieved a sizeable settlement based

on the merits of Plaintiff's FLSA claims while considering the strengths of the defense, and the reality of the costs of continuing litigation through trial.  Having reviewed the terms of the Settlement Agreement and Release, the Court is convinced the settlement is the result of arms' length negotiations, and the total amount recovered for the Plaintiffs represents a reasonable and not *de minimis* recovery for them after balancing the expense and uncertainty of proceeding with this action against Plaintiffs' most readily provable damages.  Additionally, the parties reached a separate, confidential settlement related to Plaintiffs' recoverable attorneys' fees and costs with Plaintiffs' counsel representing to this Court that "no contingency fee" will be assessed against the "Gross Settlement Amount" reflected in the parties' Settlement Agreement and Release.  Thus, no issues remain for the Court's adjudication.

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be, and hereby is, approved as fair and reasonable, the Joint Motion to Dismiss and Approval of Settlement (ECF No. 50) is **GRANTED**, and Plaintiffs' Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.   This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party whishes this Court specifically to enforce the settlement agreement.

IT IS SO ORDERED this 23rd day of May 2022.

_Christy Comstock_
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE